OPINION OF THE COURT
C. Raymond Radigan, J.
In this guardianship proceeding, the natural mother is *451 deceased. The putative father, who is unknown and unidentified, does not meet any of the statutory criteria necessary to require his consent to an adoption or notice to him of this proceeding (Domestic Relations Law § 111; Social Services Law § 384-c). The governing statute (Social Services Law § 384-b) does not, on its face, give the court the authority to commit the guardianship and custody of an infant under these circumstances. Section 384-b (4) (a) authorizes the court to do so where "Both parents of the child are dead”. The remaining paragraphs, except paragraph (d), of section 384-b (4), in setting forth the criteria upon which an order of commitment must be based, make reference to the parent or parents, "whose consent to the adoption of the child would otherwise be required”. Section 384-b (4) (a) does not provide a mechanism for the commitment of a child where one parent, whose consent to the adoption would otherwise be required, is deceased, and the other parent, though living, is not entitled to notice of the proceeding nor is his consent required.
When construing statutes, the legislative intent is the controlling principle (People v Ryan, 274 NY 149; Ferres v City of New Rochelle, 68 NY2d 446). In this case the court need not resort to secondary source material to ascertain the legislative intent; it is clearly expressed in the statute itself. "It is the intent of the legislature in enacting this section to provide procedures not only assuring that the rights of the natural parent are protected, but also, where positive, nurturing parent-child relationships no longer exist, furthering the best interests, needs, and rights of the child by terminating parental rights and freeing the child for adoption” (Social Services Law § 384-b [1] [b]).
Here, the infant was born September 22, 1985 and was court-placed with the Commissioner of Social Services of the City of New York on October 7, 1985, who, in turn, placed the infant with the petitioning agency also on October 7, 1985. The infant’s mother died in July 1990; the natural father is unknown, unidentified, has never been heard from, and has never had any contact with this six-year-old child or with the petitioning agency.
As indicated above, a strict construction of this statute would deny to both the Surrogate’s Courts and the Family Courts the authority to commit the guardianship and custody of an infant in these circumstances, with the resultant inability of either the Commissioner of Social Services or a petitioning agency to place the child for adoption. Such a construction *452 is repugnant to the clearly expressed intent of the Legislature and hostile to the best interests of this child and others similarly situated.
Accordingly, the court construes the term "parents” in Social Services Law § 384-b (4) (a) to refer only to a parent or parents whose consent to the adoption would otherwise be required in accordance with section 111 of the Domestic Relations Law. The order to be submitted may commit guardianship and custody to St. Christopher-Ottilie and the Commissioner of Social Services with authority to consent to adoption without further notice to or consent of her parent.